

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,001-02

### EX PARTE JEFFREY DWAYNE BLANKENSHIP, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 4839-C IN THE 271ST DISTRICT COURT FROM JACK COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to 55 years' imprisonment. Applicant was then offered a new plea deal, the judgment was set aside, and he pled guilty to robbery and was sentenced to 55 years' imprisonment. Applicant's appeal to the Second Court of Appeals was dismissed. *Blankenship v. State*, No. 02-19-00069-CR (Tex. App.—Fort Worth Mar. 5, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that appellate counsel was ineffective because appellate counsel did not inform him that by accepting the plea bargain his appeal would be

dismissed. Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. Appellate counsel's response should include what he told Applicant regarding his appeal, and the benefit of the new plea deal. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court shall make specific findings as to whether appellate counsel told Applicant his appeal would be dismissed if he accepted the plea bargain. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: MAY 11, 2022
Do not publish